**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ARTAVIUS BROXTON,**

        **Plaintiff,**

v.                                            **Case No: 6:17-cv-865-Orl-37DCI**

**STATE OF FLORIDA,**

        **Defendant.**
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1). Plaintiff, who is incarcerated at the Brevard County Jail and proceeding *pro se*, filed the Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis* in this action. For the reasons stated herein, the Complaint will be dismissed for failure to state a claim.

### I.    FACTUAL BACKGROUND

Plaintiff claims that "the State of Florida [is] in violation of Double Jeopardy which is unconstitutional[] . . . ." (Doc. 1 at 6). He requests that the Court "investigate the 18th Judicial Circuit . . . ." (*Id.* at 5).

### II.    LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

>   (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1] Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

Absent a State's consent, the Eleventh Amendment bars a civil rights suit in a federal court that names the State as a defendant, even a claim seeking injunctive relief. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment bar extends to suits against departments or agencies of the State having no existence apart from the State. *See Mt. Health City Board of Education v. Doyle*, 429 U.S. 274, 280

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

(1977). Consequently, in the present case, Defendant State of Florida cannot be named as a Defendant in a section 1983 suit. *See Oliver v. Supreme Court of Pennsylvania*, No. Civ. A. No. 88-8171, 1989 WL 1592 (E.D. Pa. January 12, 1989). Accordingly, this case is dismissed as frivolous.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. The Clerk of the Court is directed to enter judgment in favor of Defendant and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 17th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Unrepresented Party
OrlP-2 5/17